UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,
Plaintiff,

v.

R. PUENTE, et al.,
Defendants.

Case No. 26-cv-05692-AMO (PR)

**ORDER TO SHOW CAUSE**

Plaintiff Daronta T. Lewis, a self-represented state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983, seeking damages for alleged civil rights violations. Lewis has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 2. For the reasons stated below, the Court orders Lewis to show cause why his motion for leave to proceed IFP should not be denied pursuant to 28 U.S.C. § 1915(g), and, in the alternative, it directs him to pay the full filing fee, as further explained below.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in the newly filed case. *Id.* *Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers to presently support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the current action. *See id.* at 1120. If the Court dismisses the current action under section 1915(g), that means that a prisoner cannot proceed as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Lewis's prior prisoner actions reveals that he has had at least three cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

(1) *Lewis v. Ugwueze* (*Ugwueze*), No. 1:20-cv-00575-DAD-SKO (E.D. Cal. Oct. 5, 2020) (complaint dismissed as duplicative by a district judge, adopting the recommendation of a magistrate judge, after Lewis admitted he had intentionally filed a duplicative action);

(2) *Lewis v. Allio* (*Allio*), No. 2:18-cv-00196-JAM-CKD (E.D. Cal. Oct. 3, 2018) (complaint dismissed with leave to amend by a magistrate judge[1] because Lewis failed to identify a cognizable claim; suit ultimately dismissed by a district judge for failure to file an amended complaint);

[1] That a magistrate judge, rather than a district judge, issued the order does not have any bearing on this Court's decision to issue the instant order to show cause. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

(3) *Lewis v. Hoagland* (*Hoagland*), No. 2:11-cv-01763-GGH (E.D. Cal. Nov. 18, 2011) (complaint dismissed with leave to amend by a magistrate judge because Lewis failed to identify any defendant who was personally involved in the alleged wrongful acts; suit ultimately dismissed by a district judge for failure to file an amended complaint);

(4) *Lewis v. Brown* (*Brown*), No. 2:09-cv-00195-FCD-DAD (E.D. Cal. Oct. 15, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after Lewis failed to file a second amended complaint);

(5) *Lewis v. Antonen* (*Antonen*), No. 2:08-cv-01764-WBS-KJM (E.D. Cal. Nov. 12, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after Lewis failed to file a second amended complaint); and

(6) *Lewis v. Neilson* (*Neilson*), No. 2:06-cv-01532-FCD-CMK (E.D. Cal. March 27, 2007) (complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after Lewis failed to file an amended complaint).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews*, 398 F.3d at 1120. Each of these dismissals counts as a strike under the PLRA. As to *Ugwueze*, the Ninth Circuit has expressly recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that

dismissal of duplicative complaint was properly deemed a strike) (citing *Cato*, 70 F.3d at 1105 n.2). As to *Allio*, the failure to assert a cognizable claim constitutes a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (affirming district court's conclusion that the failure to assert a cognizable claim counted as a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike). As to *Hoagland*, the failure to name a proper defendant constitutes as a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See O'Neal v. Price*, 531 F.3d 1146, 1148, 1156 (9th Cir. 2008) (affirming district court's determination that dismissal was a strike where, among other things, the court dismissed for failure to name proper defendant); *Harris*, 863 F.3d at 1143. As to *Brown*, *Antonen*, and *Neilson*, the failure to correct a vague, conclusory, and prolix complaint after having been given leave to do so constitutes a strike, as does the failure to amend a complaint after having been given leave to do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted); *Harris*, 863 F.3d at 1143.

Because Lewis has previously been subjected to the three-strikes provision of the PLRA, the Court would have to review under 28 U.S.C. § 1915(g) all future actions he files while incarcerated and in which he seeks IFP status, such as the instant matter. Accordingly, in light of the aforementioned dismissals, Lewis is **ORDERED TO SHOW CAUSE** in writing no later than **twenty-eight (28) days** from the date of this Order why his motion for leave to proceed IFP should not be denied and why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g), or, in the alternative, he can choose to pay the full $405 filing fee[2] no later than **twenty-eight (28)**

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. December 3, 2023)).

**days** from the date of this Order. Once Lewis timely responds to this Order to Show Cause or pays the full filing fee, then the Court will conduct an initial review of the instant complaint and address any pending motions.

It is Lewis's responsibility to prosecute this case. Lewis must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a self-represented action without prejudice when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

**Failure to file a timely response to this Order to Show Cause or to pay the full filing fee may result in the dismissal of this action for failure to prosecute.**

**IT IS SO ORDERED.**

Dated: November 20, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California